UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                              Plaintiff,

-against-

B E F RESTAURANT INC. d/b/a CASA
D'ANGELO and 146 MULBERRY OWNER, LLC,

                              Defendants
------------------------------------------------------------x

Caso No. 1:25-cv-5036

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "Plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants B E F Restaurant Inc. d/b/a Casa D'Angelo and 146 Mulberry Owner, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.  This lawsuit challenges the unlawful and systemic exclusion of individuals with disabilities from full and equal enjoyment of a commercial space open to the public. Plaintiff seeks a permanent injunction, declaratory relief, monetary compensation, and reasonable attorney's fees and costs based on the defendants' failure to comply with federal, state, and city disability access laws, including Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.), the New York State Executive Law, the New York State Civil Rights Law, and the Administrative Code of the City of New York.

2.  Defendants operate or control a business that is required by law to be accessible. Rather than invest in basic access for disabled patrons, they made the choice to ignore the law and operate in violation of long-standing civil rights protections. Through this action, Plaintiff seeks to enforce those rights and compel the defendants to provide the same access to individuals with mobility impairments that they already provide to the general public.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal claims brought in this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12188, as the complaint presents questions arising under the Americans with Disabilities Act. The Court also has authority to hear the state and city law claims under its supplemental jurisdiction, as provided in 28 U.S.C. § 1367(a), because those claims are closely related to the federal issues and arise from the same facts.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the discriminatory conduct described herein occurred within this judicial district and the facility at issue is situated in Manhattan.

## PARTIES

5. At all times relevant, Plaintiff Jeffery Williams has resided in New York County, New York.

6. Plaintiff uses a wheelchair for mobility due to a permanent spinal cord injury sustained from a gunshot wound at age thirteen. As a result of this injury, Plaintiff is significantly limited in his ability to walk and in his range of physical movement.

7. Defendants own, lease, manage, operate, or otherwise exercise control over a commercial establishment located at or near 146 Mulberry Street in New York, New York, which is the subject of this lawsuit.

8. Each defendant conducts business in the State of New York and holds the required licenses to do so.

9. The establishment operated by defendants is a public accommodation and is therefore subject to federal, state, and city accessibility laws.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. Each named defendant is covered under the applicable disability statutes because they own, lease, manage, or operate a facility that serves the public and is therefore classified as a public accommodation under federal, state, and local law.

11. The restaurant located at the Premises qualifies as a public accommodation within the meaning of the ADA, the New York State Executive Law, and the New York City Administrative Code, as it is privately owned and engages in commerce.

12. The property contains multiple structural and architectural features that impede or block access for individuals with mobility impairments, including Plaintiff.

13. On information and belief, the Premises was constructed or made available for first occupancy after January 26, 1993, and/or was altered after January 1992 in ways that triggered compliance obligations under the ADA and corresponding regulations.

14. Plaintiff resides in New York City and regularly travels throughout the city, including the neighborhood in which the Premises is located.

15. Despite the physical limitations resulting from his disability, Plaintiff is able to navigate the city independently using a car equipped with hand controls that allow him to drive without using his legs.

16. Plaintiff frequently visits the area near the Premises for typical daily and social activities, including shopping, eating out, and spending time with friends and family.

17. On or around May 3, 2025, Plaintiff attempted to dine at the defendants' restaurant, which is known for its traditional Italian cuisine and upscale presentation.

18. He was particularly interested in trying the restaurant's Chicken Parmigiana, among other offerings.

19. However, his attempt to visit was unsuccessful because he encountered a step at the front entrance and found no call button, buzzer, or any other means of alerting staff for assistance.

20. This experience left Plaintiff feeling degraded and excluded.

21. Although he was turned away, Plaintiff still intends to return once access is possible.

22. The Premises is located less than an hour from Plaintiff's residence and is within his typical travel range.

23. The features, amenities, and customer areas within the restaurant are not accessible as required by either the 1991 or 2010 ADA Standards for Accessible Design.

24. Defendants' failure to comply with these federal guidelines, as well as relevant local access codes, has denied Plaintiff the ability to safely and fully use the Premises.

25. The property was not built, updated, or otherwise altered in accordance with applicable federal, state, and municipal accessibility laws, including but not limited to the ADA, the New York City Building Code, and the 2014 New York City Construction Code.

26. Existing access barriers that Plaintiff encountered or that continue to deter him from attempting to return include, among others:

27. The front entrance includes a step that prevents access, and no accessible route or means of egress has been provided in violation of applicable code sections. There is no ramp or other compliant alternative in place.

28. Interior dining tables do not meet the minimum standards for knee and toe clearance and do not provide accessible seating as required by law.

29. The bar area exceeds the permitted height, lacks necessary clear floor space,

and fails to offer an accessible portion.

30. Outdoor dining tables similarly do not offer required knee and toe clearance and fall short of the minimum number of accessible spaces required by law.

31. The examples listed above do not represent all violations present at the Premises.

32. Plaintiff believes that a comprehensive inspection of the restaurant will reveal additional access barriers that must be addressed.

33. As required under civil rights law, and to avoid piecemeal litigation, Plaintiff seeks a complete review of the Premises and intends to amend the complaint as necessary to reflect further violations uncovered during that inspection.

34. By operating a facility in this condition, defendants have denied Plaintiff meaningful participation in the use of a public space based solely on his disability.

35. Defendants have not implemented policies, procedures, or accommodations to address the needs of individuals with disabilities, nor have they made reasonable modifications to ensure inclusion.

36. The discrimination is ongoing. Plaintiff continues to face the risk of exclusion at this location and experiences deterrence because of the inaccessible conditions.

37. Plaintiff regularly spends time in the surrounding area and fully intends to visit the restaurant multiple times if and when it becomes accessible. He looks forward to experiencing the restaurant without barriers, just like any other customer.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

38. Plaintiff restates and incorporates all prior allegations as though fully set forth here.

39. Due to a permanent physical impairment, Plaintiff is substantially limited in the major life activity of walking and also experiences limitations in his range of motion. As a result, he relies on a wheelchair for mobility and qualifies as an individual with a disability under the ADA.

40. Under federal law, both the owner of a public accommodation and its tenant share responsibility for ensuring compliance with accessibility requirements. The regulations governing Title III of the ADA expressly provide that liability is joint and several. Neither party may shift this duty through private contract.

41. Defendants have subjected Plaintiff to unequal treatment and have denied him the ability to participate fully in the use of their restaurant based solely on his disability. Plaintiff has also suffered the effects of facially neutral policies and practices that disproportionately burden individuals with mobility impairments.

42. Defendants have communicated through their actions and inactions that people with disabilities are not valued or welcome as customers. That message is evident in their continued failure to make their property accessible.

43. The facility operated by defendants was either built or altered after the ADA's enactment and is not compliant with the 1991 or 2010 Standards for Accessible Design. Its design and construction excluded individuals with disabilities from the outset, contrary to 28 C.F.R. § 36.401(a)(1) and 42 U.S.C. § 12183(a)(1).

44. In its current state, the restaurant does not offer an integrated, inclusive experience to patrons with disabilities and does not provide equal treatment, as required by 42

U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

45. When defendants carried out renovations or alterations at the Premises, they failed to ensure those changes complied with applicable ADA standards. They did not make the space accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

46. Defendants also made alterations to areas associated with primary functions of the facility but failed to make the connecting routes and common areas accessible, in violation of 28 C.F.R. § 36.403.

47. Federal regulations require public accommodations to bring non-compliant elements into conformance with the 2010 ADA Standards. Defendants did not meet this obligation.

48. Defendants also failed to eliminate barriers where doing so would have been readily achievable and without significant difficulty or expense, as required by 28 C.F.R. § 36.304.

49. By choosing not to remove those barriers, even when feasible, defendants have discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.304.

50. Alternatively, even if full barrier removal was not feasible, defendants were required to provide accessible alternatives such as auxiliary aids, services, or policy modifications under 28 C.F.R. § 36.305. They failed to do so.

51. Defendants' ongoing failure to bring the Premises into compliance amounts to a pattern of exclusion and a continuing violation of both the letter and spirit of the ADA.

52. They remain in violation of federal law by operating a public accommodation that is physically inaccessible and by maintaining policies and conditions that deny individuals with disabilities full and equal access.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

53. Plaintiff repeats and incorporates all preceding allegations as if fully restated here.

54. Plaintiff lives with several physical impairments that independently and collectively interfere with essential bodily functions, particularly his ability to walk and move. Under the definition set forth in Executive Law § 296(21), Plaintiff qualifies as a person with a disability.

55. Defendants have excluded Plaintiff from equal participation in the use and enjoyment of their public accommodation solely because of his disability.

56. By failing to remove physical barriers and refusing to implement any effective accommodations, defendants have discriminated against Plaintiff in violation of Executive Law § 296(2). Both entities named in this action have directly participated in this discrimination and have also aided and abetted one another in continuing these violations.

57. Defendants failed to take reasonable and achievable steps to eliminate access barriers, despite being required to do so under Executive Law § 296(2)(c)(iii).

58. Alternatively, if removing those barriers was not feasible, defendants were still required to offer Plaintiff reasonable alternatives or modifications under Executive Law § 296(2)(c)(iv). They did neither.

59. The barriers to access could have been addressed without imposing significant difficulty or expense. Yet defendants chose not to act.

60. There would be no undue hardship or excessive burden involved in making the Premises fully accessible. Defendants simply elected not to comply.

61. As a direct result of defendants' unlawful conduct, Plaintiff has suffered and continues to experience emotional harm, including humiliation, frustration, stress, and anxiety.

62. Plaintiff has incurred and will continue to incur damages stemming from defendants' violation of his civil rights, the amount of which will be determined at trial.

### THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

63. Plaintiff reasserts all prior allegations as though fully set forth herein.

64. Plaintiff's physical limitations substantially interfere with his mobility and range of motion, qualifying him as a person with a disability under § 8-102(16) of the Administrative Code.

65. The Local Civil Rights Restoration Act of 2005, known as Local Law 85, broadened the protections available under New York City's Human Rights Law. That law expressly rejected the requirement that local claims be interpreted in lockstep with federal or state disability law. It mandated that all provisions of the Administrative Code be interpreted expansively to further its remedial purpose, regardless of how similarly worded provisions have been interpreted elsewhere.

66. Relying on this directive, Plaintiff brings claims under the Administrative Code that should be construed in the broadest possible terms to promote equal access and protect disabled individuals.

67. Defendants have denied Plaintiff the use of their commercial facility by refusing to provide accessible entry, features, or accommodations. Their actions and omissions amount to both direct and indirect discrimination in violation of § 8-107(4) of the Code. Each defendant participated in the discrimination and assisted the other in maintaining inaccessible conditions.

68. By designing, building, or maintaining a space that excludes people with mobility impairments, defendants have violated their obligations under local law. They have

9

withheld access to the advantages, benefits, and amenities offered at the Premises based solely on Plaintiff's disability.

69. The lack of access is not incidental. Defendants have deliberately continued to operate a noncompliant facility, despite longstanding legal requirements and despite knowing the consequences for individuals like Plaintiff.

70. As a result of these violations, Plaintiff has experienced emotional distress, including shame, anxiety, and the indignity of exclusion from a public space.

71. On information and belief, defendants' failure to comply with the law was not accidental. Their decision to ignore accessibility standards was intentional, reckless, and indifferent to Plaintiff's rights.

72. By refusing to make necessary modifications to their facility, even after having had years to do so, defendants have sent a clear message to disabled patrons that they are not welcome. This exclusionary practice is precisely what the law seeks to prevent.

73. Defendants' conduct rises to the level of willful or wanton negligence. Their ongoing indifference to accessibility laws entitles Plaintiff to seek punitive damages under § 8-502 of the Administrative Code.

74. Defendants also benefitted financially by avoiding the expense of bringing the facility into compliance, and by continuing to collect revenue from a space that fails to meet accessibility requirements. Plaintiff seeks disgorgement of the profits earned through this unlawful conduct, with interest.

75. As a consequence of defendants' repeated and knowing violations of the Code, Plaintiff has sustained damages, the full extent of which will be established at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

76. Plaintiff restates all allegations previously set forth in this Complaint as though fully repeated here.

77. By engaging in discriminatory conduct against Plaintiff in violation of the New York State Executive Law, defendants have also triggered liability under the Civil Rights Law.

78. As a result, Plaintiff is entitled to recover the statutory monetary penalties outlined in Civil Rights Law §§ 40-c and 40-d for each and every incident of discrimination described herein.

## INJUNCTIVE RELIEF

79. Defendants' ongoing failure to comply with accessibility laws ensures that Plaintiff will continue to face unlawful discrimination unless this Court intervenes. To remedy the violations and prevent further harm, injunctive relief is required. This includes a directive compelling defendants to modify both their physical premises and their operational policies to bring them into full compliance with applicable disability statutes.

80. The requested relief is also necessary to ensure that Plaintiff and others with disabilities can enter, navigate, and use the facility safely and independently.

81. Defendants must be ordered to implement structural changes, revise internal procedures, and where needed, offer auxiliary aids or alternative methods that enable full access, all in accordance with the mandates of federal, state, and local law.

**DECLARATORY RELIEF**

82. Plaintiff seeks a judicial determination confirming that defendants have violated his rights under federal, state, and city disability laws. A declaratory judgment is necessary to formally recognize that the conditions and policies maintained at the Premises are unlawful and that specific changes are required to bring the facility and its operations into compliance.

83. This declaration should also affirm Plaintiff's right to equal access and outline defendants' legal obligations moving forward, including physical alterations to the property, updates to services offer

**ATTORNEY'S FEES, EXPENSES AND COSTS**

84. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the**

      **defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: June 16, 2025

    Manhasset, New York

                                        Respectfully submitted,

                                        **GABRIEL A. LEVY, P.C.**
                                        Attorney for Plaintiff
                                        1129 Northern Blvd, Suite 404
                                        Manhasset, NY 11030
                                        (347) 941-4715

                                        **By:** /s/ Gabriel A. Levy, Esq.
                                        **GABRIEL A. LEVY, ESQ (5488655)**
                                        Glevy@glpcfirm.com